IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Mustin,　　　　　　　　　　　　　　　　Case No. 3:18 CV 2281

　　　　　　　　　Plaintiff,　　　　　　　　MEMORANDUM OPINION
　　　-vs-　　　　　　　　　　　　　　　　　AND ORDER

Anthony Franklin, et al.,　　　　　　　　　　JUDGE JACK ZOUHARY

　　　　　　　　　Defendants.

## INTRODUCTION

Plaintiff *pro se* Keith Mustin, an inmate at Marion Correctional Institution (MCI), filed this Complaint against Defendants MCI Aramark Director Anthony Franklin, MCI Aramark Manager J. Chapman, American Correctional Associate Michelle Turner, MCI Health and Safety Coordinator Steve Hartford, MCI Institutional Inspector R. D. Smith, MCI Deputy Warden of Operations Mr. Melton, and MCI Warden Ms. Wainwright (collectively "Defendants") (Doc. 1). Mustin alleges he was injured while working his prison job in the food-service area and contends Defendants created an unsafe work environment (*id.*). He seeks injunctive and monetary relief (*id.* at 8) and proceeds *in forma pauperis* (Doc. 5).

## BACKGROUND

Mustin alleges he was assigned to work in MCI's food-service area in 2017 (Doc. 1 at 5). His assignment entailed lifting and carrying 60- to 85-pound containers, as well as loading and unloading

heavy containers to and from a push cart (*id.* at 5–6). Mustin states he asked Chapman and Franklin to assign another worker to assist with the lifting, but they refused (*id.* at 6). Mustin indicates he injured his back, left wrist, and right knee (*id.*), but he does not explain how these injuries occurred. He contends he submitted formal and informal grievances about his workplace problems to Turner, Smith, Hartford, Wainwright, and Melton, but they also took no action (*id.* at 6–7).

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss any *in forma pauperis* complaint that fails to state a claim upon which relief may be granted. To pass this threshold, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Its "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

When conducting this analysis, this Court accepts as true "all the factual allegations in the complaint" but not "legal conclusion[s] couched as . . . factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although this Court construes *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), this leniency has limits, *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Despite less stringent pleading standards, a *pro se* plaintiff still must allege "more than bare assertions of legal conclusions . . . to satisfy federal notice pleading requirements." *Id.* This Court need not "conjure up unpleaded facts to support conclusory allegations" in a *pro se* complaint. *Id.* (citation omitted).

2

**ANALYSIS**

Mustin does not state which legal cause of action he is asserting. He states that Defendants declined to hire other workers to help him lift heavy containers, and as a result of doing this work by himself, he injured his back, left wrist, and right knee (Doc. 1 at 6). This Court liberally construes these statements as an attempt to assert a deliberate indifference claim under the Eighth Amendment.

The Eighth Amendment protects inmates from cruel and unusual punishments. It requires prison officials to "take reasonable measures to guarantee" inmates' safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). It does not, however, prohibit the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 25 (1992) (citation omitted).

To state a claim for deliberate indifference under the Eighth Amendment, Mustin must meet both an objective prong and a subjective prong. *Farmer*, 511 U.S. at 834. First, he must demonstrate, objectively, that a "sufficiently serious" deprivation occurred. *Id.* (citation omitted). A deprivation's seriousness is measured by "contemporary standards of decency," and only "extreme deprivations" will suffice. *Hudson*, 503 U.S. at 8–9 (citation omitted). Second, he must show that, subjectively, Defendants had a "sufficiently culpable state of mind," amounting to "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834 (citation omitted).

For the objective prong, Mustin's claim is "based on a failure to prevent harm," so he must show that his work assignment posed "a substantial risk of serious harm." *Id.* Mustin states that he injured his back, wrist, and knee, but he describes neither the seriousness of his injuries nor how they occurred. He further does not allege that he was physically unable to perform the lifting work assigned to him. Demonstrating that his job required heavy lifting, without more, does not

3

demonstrate that his work assignment posed a substantial risk of serious harm. Thus, Mustin's claim fails under the objective prong.

His claim also fails under the subjective prong. "[D]eliberate indifference entails something more than mere negligence." *Id.* at 835. "To show deliberate indifference to workplace safety, prisoners must show that prison officials 'knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.'" *Jones v. Michigan*, 698 F. Supp. 2d 905, 914 (E.D. Mich. 2010) (quoting *Ray v. Mabry,* 556 F.2d 881, 882 (8th Cir. 1977)) (alteration in original). Even assuming Mustin was unable to perform the work safely, which he does not allege, he further fails to allege that Defendants were aware of his limitations. Mustin indicates he asked Franklin and Chapman "for more assistance," but he does not state what he told them or whether he made them aware of any substantial risk of serious harm (Doc. 1 at 6). Mustin claims that Turner, Smith, Hartford, Wainwright, and Melton failed to act after he filed grievances. But again, he does not describe what information he communicated to these Defendants. And the denial of a grievance, alone, does not demonstrate deliberate indifference. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, Mustin's claim fails under the subjective prong as well, and he fails to state an Eighth Amendment claim.

To the extent Mustin alleges negligence claims under state tort law, this Court declines to exercise supplemental jurisdiction over them. When "the district court has dismissed all claims over which it has original jurisdiction," it is appropriate to decline supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## Conclusion

This action is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Mustin's Motion for Appointment of Counsel (Doc. 3) is denied as moot. In addition, Mustin filed a Supplement (Doc. 4) in which he indicates Franklin's employment at MCI was terminated and asks this Court to order Defendants to provide an address to serve Franklin. That request is also denied as moot.

IT IS SO ORDERED.

                                            s/ *Jack Zouhary*
                                            JACK ZOUHARY
                                            U. S. DISTRICT JUDGE

March 29, 2019